# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN R. HARJO and JENNIFER E. HARJO,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION,<br><br>　　　　　Defendant. | Case No.:  15-cv-2737-BEN (NLS)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before this Court is an *Ex Parte* Motion for Temporary Restraining Order, filed by Plaintiffs Ben and Jennifer Harjo.  (Docket No. 8.)  For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND[1]

Plaintiffs initiated this action on December 7, 2015, alleging a violation of the Truth In Lending Act, 15 U.S.C. § 1635.  (Docket No. 1.)  According to the Complaint, Plaintiffs own the property located at 1067 Summer Holly Lane, Encinitas, California 90024.  (Compl. ¶¶ 3, 12.)  They received the property by grant deed dated October 26,

---

[1] Unless otherwise noted, the following facts are drawn from the allegations in Plaintiffs' Complaint. The Court is not making any factual findings, but rather only summarizing the relevant facts in order to evaluate Plaintiff's Motion for a TRO.

1

2006.  (Compl. ¶ 12.)  On October 2, 2006, Plaintiffs took out a loan with Magnus Financial Corporation and executed a deed of trust on the property.  (Compl. ¶ 13.)  On July 13, 2015, Plaintiffs "rescinded the loan contract they made with Magnus Financial Corporation pursuant to 15 [U.S.C.] § 1635(b)."  (Compl. ¶ 14.)

In September 2015, Plaintiffs became aware that Defendant Quality Loan Service was advertising their home "as being in a state of foreclosure."  (Compl. ¶ 15.)  Plaintiffs sent Defendant a cease and desist letter on September 18, 2015, demanding that Defendant remove their home from the website and explaining that the note and security instrument were void.  (Compl. ¶ 16.)

On February 29, 2016, Plaintiffs filed the instant Motion for TRO.  It appears that Defendant has not removed the home from its website and has scheduled a foreclosure sale of the property on March 3, 2016.  (Mot. 3.)

## LEGAL STANDARD

A temporary restraining order ("TRO") is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 439 (1974).  It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).

Federal Rule of Civil Procedure 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Supreme Court explained, the "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been

granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 438-39).

      The Court's substantive analysis on a motion for a TRO is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm absent injunctive relief; (3) the balance of equities tips in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter*, 555 U.S. at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

## DISCUSSION

      Section 1635 provides a borrower the right to rescind a consumer credit transaction where the borrower's principal dwelling is retained as the security. However, the right to rescind only lasts for three days. 15 U.S.C. § 1635(a). In addition, the right to rescind "does not apply to—(1) a residential mortgage transaction . . . ." 15 U.S.C. § 1635(e). A "'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). "The term 'dwelling' means a residential structure or mobile home which contains one to four family housing units, or individual units of condominiums or cooperatives." 15 U.S.C. § 1602(w).

      Plaintiffs state, "On October 2, 2006, Plaintiffs signed a consumer loan contract with First Magnus Financial Corporation and signed a deed of trust in favor of First Magnus relative to the Subject Property." (Mot. 5.) A couple of weeks later, the previous owners issued the grant deed transferring the property to Plaintiffs. It seems

reasonable to infer that Plaintiffs took out the loan with First Magnus in order to purchase the property. Thus, the loan qualifies as a residential mortgage transaction, to which the right to rescind does not apply. And, any such letter of rescission would be invalid.

Even if Plaintiffs' loan is not a residential mortgage transaction, the rescission is still invalid. The right to rescind only exists for three days after execution of the loan. Plaintiffs executed the loan contract on October 2, 2006. They did not attempt to rescind until July 13, 2015. The timeframe extends well beyond the three days permitted to exercise the right of rescission in section 1635. Thus, even if Plaintiffs had a right to rescind, it expired on or about October 5, 2006.

Plaintiffs have failed to demonstrate a likelihood of success on the merits and they cannot satisfy the *Winter* test. Plaintiffs' Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: March 2, 2016

_____
Hon. Roger T. Benitez
United States District Judge